UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| GABRIEL GONZALEZ, § | |
| § | |
| *Plaintiff*, § | |
| v. § | EP-24-CV-00071-MAT |
| § | |
| LELAND DUDEK, ACTING § | |
| COMMISSIONER OF THE SOCIAL § | |
| SECURITY ADMINISTRATION[1], § | |
| *Defendant*. § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Gabriel Gonzalez ("Plaintiff") appeals from a decision of the Commissioner of the Social Security Administration ("Defendant") denying his claim for disability insurance benefits ("DIB") under Title II of the Social Security Act. On March 19, 2024, upon consent by both parties, United States District Judge Kathleen Cardone assigned this case to the undersigned for a memorandum opinion and order pursuant to 28 U.S.C. § 636(c) and Appendix C to the Local Rules of the United States District Court for the Western District of Texas. For the following reasons, the Court **ORDERS** that the decision of the Commissioner be **VACATED** pursuant to 42 U.S.C. § 405(g) and **REMANDED** for further proceedings consistent with this opinion.

**I.   BACKGROUND & PROCEDURAL HISTORY**

Plaintiff is a forty-seven-year-old man with a high school education and past relevant work as a motor vehicle dispatcher and terminal operations supervisor. Tr. of Admin. R. at 38 [hereinafter, "Tr."], ECF No. 7. On July 22, 2020, Plaintiff applied for disability insurance

---

[1] Leland Dudek became the Acting Commissioner of the Social Security Administration on February 17, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, "Leland Dudek, Acting Commissioner of the Social Security Administration" should be substituted for "Martin J. O'Malley, Commissioner of the Social Security Administration" as the defendant in this suit.

1

benefits.² Tr. at 30. He alleged disability beginning August 24, 2019, due to left third finger amputation, degenerative joint disease of the hands, degenerative joint disease of the thoracic and lumbar spine, bipolar disease, and anxiety. *See id.* at 30, 33. At the time of the application, Plaintiff was forty-one years old. *Id.* at 38.

On November 25, 2020, Plaintiff's disability claims were denied, and again upon reconsideration on March 10, 2021. *Id.* at 30. Administrative Law Judge ("ALJ") Lissette C. Perez held a telephonic hearing on November 29, 2022, and later issued a decision denying Plaintiff's claims on March 31, 2023. *Id.* at 49–78. Plaintiff requested review of the ALJ's decision, which was denied by the Appeals Council on September 11, 2023. *Id.* at 2–4. The ALJ's decision became the final decision of the Commissioner at that time. Plaintiff now seeks judicial review of the decision.

Plaintiff's contentions center around injuries to his left and right hand. On August 27, 2020, Plaintiff sustained a nail gun injury on his *left* hand and underwent surgery on September 2, 2020. *Id.* at 36. However, due to the wound on Plaintiff's left third finger reopening after surgery, Plaintiff's left third finger was amputated on December 1, 2020. *Id.* at 36, 2031. On or about October 26, 2021, Plaintiff sustained an injury to his *right* hand after accidentally striking his right hand on drywall with a rusty nail.³ *Id.* at 36, 2108. On November 1, 2021, Plaintiff underwent an incision and drainage surgery for his right hand. *Id.* at 36, 2109.

On appeal, Plaintiff presents three issues for the Court. First, Plaintiff alleges the ALJ erred because she failed to adequately evaluate Plaintiff's manipulative limitations in formulating

---

² Separately, the Court notes that Plaintiff also applied for supplemental security income under Title XVI of the Social Security Act on July 23, 2020. *Id.* at 30.
³ The ALJ states that Plaintiff injured his right hand with a nail gun but the medical record she cites to describes the right-hand injury occurring because Plaintiff accidentally hit a rusty nail in drywall. *See id.* at 36.

2

Plaintiff's residual functional capacity ("RFC").  Pl.'s Br. at 9–14, ECF No. 10.  Second, Plaintiff maintains that the ALJ's decision is not supported by substantial evidence because the ALJ substituted her opinion for that of a physician and failed to fully develop the record.  *Id.* at 15–19.  Third, Plaintiff argues that the ALJ's findings are not supported by substantial evidence because the ALJ failed to reconcile conflicts between Plaintiff's testimony and the Vocational Expert's ("VE") testimony.  *Id.* at 19–21.  For the reasons set forth below, the Court finds that the ALJ committed legal error when she failed to adequately evaluate Plaintiff's manipulative limitations regarding handling and when she substituted her lay opinion for that of a physician.

## II.   DISCUSSION

### A.   Standard of Review

Judicial review of the Commissioner's decision is limited to a determination of whether (1) the Commissioner's final decision is supported by substantial evidence on the record and (2) the Commissioner applied the proper legal standards.  *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014).

"Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Sun v. Colvin*, 793 F.3d 502, 508 (5th Cir. 2015).  In applying the "substantial evidence" standard, "the court scrutinizes the record to determine whether such evidence is present," *id.*, but it may not "try the issues *de novo*" or "reweigh the evidence."  *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018).  "[N]or, in the event of evidentiary conflict or uncertainty," may the court substitute its judgment for the Commissioner's, "even if [it] believe[s] the evidence weighs against the Commissioner's decision."  *Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018).  "Conflicts of

evidence are for the Commissioner, not the courts, to resolve." *Sun*, 793 F.3d at 508. "A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Whitehead v. Colvin*, 820 F.3d 776, 779 (5th Cir. 2016).

Generally, "[w]here . . . the Secretary has relied on erroneous legal standards in assessing the evidence, he must reconsider that denial." *Leidler v. Sullivan*, 885 F.2d 291, 294 (5th Cir. 1989). However, even if the ALJ commits legal error, "remand is warranted only if the . . . error was harmful." *Miller v. Kijakazi*, No. 22-60541, 2023 WL 234773, at *3 (5th Cir. Jan. 18, 2023) (per curiam) (unpublished) (citing *Shineski v. Sanders*, 556 U.S. 396, 407–08 (2009)); *see also Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) ("Procedural perfection in administrative proceedings is not required. This court will not vacate a judgment unless the substantial rights of a party have been affected."). "Harmless error exists when it is inconceivable that a different administrative conclusion would have been reached even if the ALJ did not err." *Keel v. Saul*, 986 F.3d 551, 556 (5th Cir. 2021). Furthermore, it is plaintiff's burden to show prejudice or harm from the error. *Jones v. Astrue*, 691 F.3d 730, 734–35 (5th Cir. 2012).

**B.   Evaluation Process**

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment … which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see* 42 U.S.C. § 416(i). In evaluating a disability claim, the ALJ follows a five-step sequential process to determine whether: (1) the claimant is presently engaged in substantial gainful employment; (2) the claimant has a severe medically determinable physical or mental impairment; (3) the claimant's impairment meets or medically equals an impairment listed in the appendix to the regulations; (4) the impairment prevents the claimant from doing past

relevant work; and (5) the impairment prevents the claimant from performing other substantial gainful activity. 20 C.F.R. § 404.1520(a)(4); *Salmond*, 892 F.3d at 817.

Between steps three and four, the ALJ determines the claimant's "residual functional capacity" ("RFC"). 20 C.F.R. § 404.1520(e). The RFC "is the most [the claimant] can still do despite [their] limitations." *Id.* § 404.1545(a)(1). The ALJ determines the RFC by examining "all of the relevant medical and other evidence." *Id.* § 404.1545(a)(3). When using medical opinions as evidence, the ALJ must assess the persuasiveness of such evidence in her opinion. *Id.* § 404.1520c(a). Persuasiveness is based on several factors that the ALJ must consider, but the ALJ is only required to articulate "supportability" and "consistency" in her decision. *Id.* § 404.1520c(b)(2). The ALJ then uses the claimant's RFC in making determinations at steps four and five. *Id.* § 404.1520(e).

"[A]n individual claiming disability insurance benefits under the Social Security Act has the burden of proving her disability." *Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983). Thus, the claimant carries the burden of proof through the first four steps. *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989). If the claimant meets this burden, at step five the burden shifts to the Commissioner "to show that there is other substantial gainful employment available that the claimant is capable of performing." *Fraga v. Bowen*, 810 F.2d 1296, 1301–02 (5th Cir. 1987). If the Commissioner satisfies this burden, "the burden then shifts back to the claimant to prove that he is unable to perform the alternate work." *Id.* at 1302.

C.  **The ALJ's Findings**

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged disability onset date of August 24, 2019. Tr. at 32. At step two, the ALJ found that Plaintiff had the following severe impairments: status-post left third finger amputation,

5

degenerative joint disease of the hands, degenerative joint disease of the thoracic and lumbar spine, bipolar disease, and anxiety. *Id.* at 33. At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* Next, the ALJ found that Plaintiff retained the RFC "to perform light work as defined in 20 CFR § 404.1567(b) and 416.967(b)" with limitations to "occasional fine manipulations and frequent gross manipulations."[4] *Id.* at 35. The ALJ based the RFC on the medical opinions of two State Agency medical and psychological consultants. *Id.* at 38. At step four, the ALJ concluded that Plaintiff is "unable to perform any past relevant work." *Id.* At step five, considering Plaintiff's age, education, past work experience, and RFC, the ALJ concluded that there are other jobs that exist in significant numbers in the national economy that the claimant can also perform. *Id.* at 39. Specifically, the ALJ relied on the vocational expert testimony that given all these factors, Plaintiff would also be able to perform work as a router, cleaner housekeeper, and laundry folder. *Id.* at 39. Therefore, the ALJ determined that Plaintiff was not disabled under the Social Security Act from August 24, 2019 (his alleged disability onset date) through March 31, 2023 (the date of the ALJ's decision). *Id.* at 40.

### D. Analysis

On appeal, Plaintiff presents three issues for the Court. First, Plaintiff alleges the ALJ erred because she failed to adequately evaluate Plaintiff's manipulative limitations in formulating Plaintiff's RFC. Pl.'s Br. at 9–14. Second, Plaintiff maintains that the ALJ's decision is not supported by substantial evidence because the ALJ substituted her opinion for that of a physician

---

[4] The ALJ set out additional limitations (*id.* at 35) but given that the instant case primarily concerns Plaintiff's hand limitations, the Court limits the discussion of Plaintiff's RFC to these limitations.

and failed to fully develop the record. *Id.* at 15–19. Third, Plaintiff argues that the ALJ's findings are not supported by substantial evidence because the ALJ failed to reconcile conflicts between Plaintiff's testimony and the VE's testimony. *Id.* at 19–21. For the reasons set forth below, the Court finds that the ALJ committed two legal errors. Specifically, the Court holds that the ALJ erred when she failed to adequately evaluate Plaintiff's manipulative limitations regarding handling and when she substituted her lay opinion for that of a physician.

**1. The ALJ did not fully evaluate Plaintiff's manipulative limitations regarding handling.**

Plaintiff first challenges that the ALJ erred because she failed to adequately evaluate Plaintiff's manipulative limitations in formulating his RFC. *Id.* at 9–14. Plaintiff articulates three sub-arguments in his assertion. First, Plaintiff asserts that the ALJ committed legal error because the ALJ did not explain why she departed from State Agency medical consultant ("SAMC") Dr. Ligon's limitation of "occasional" handling after finding the SAMC's opinion persuasive.[5] *Id.* at 12–13. Next, Plaintiff contends that the ALJ erred when she mischaracterized medical evidence related to Plaintiff's right-hand injury. *Id.* at 11. Finally, Plaintiff maintains that the ALJ committed legal error when she failed to incorporate any "feeling" limitations in Plaintiff's RFC.[6] *Id.* at 11–12. For the reasons articulated below, the Court agrees with sub-argument one but disagrees with sub-arguments two and three.

---

[5] "Handling" refers to "seizing, holding, grasping, turning or otherwise working primarily with the whole hand or hands." SSR 85-15(2)(c), 1985 WL 56857 (Jan. 1, 1985).
[6] "Feeling" refers to the ability to "feel the size, shape, temperature, or texture of an object by the fingertips." *See id.*

A) <u>The ALJ failed to explain why she didn't adopt a persuasive medical opinion's handling limitation.</u>

The Court first addresses Plaintiff's argument that the ALJ committed legal error because she did not explain why she departed from SAMC Dr. Ligon's limitation of "occasional" handling after finding the SAMC opinion persuasive. *Id.* at 12–13; Tr. at 169, 194. Specifically, Plaintiff maintains that the ALJ erred because the ALJ did not explain why the RFC allows for "*frequent*" handling where the medical opinion she found persuasive limits Plaintiff to "*occasional*" handling.[7] Pl.'s Br. at 12. Defendant responds that the ALJ properly formulated the RFC and incorporated SAMC Dr. Ligon's medical opinion. Def.'s Resp. Br. at 3–4, ECF No. 11.

The Court agrees with Plaintiff. Specifically, the Court finds that although the ALJ's persuasive finding did not require the ALJ to mirror the SAMC's medical opinion, the ALJ committed legal error because she did not explain why she departed from the SAMC's medical opinion after finding the opinion persuasive.

The RFC "is the most [the claimant] can still do despite [their] limitations." 20 C.F.R. § 404.1545(a)(1). The ALJ determines the RFC by examining "all of the relevant medical and other evidence." *Id.* § 404.1545(a)(3). When using medical opinions as evidence, the ALJ must assess the persuasiveness of such evidence in her opinion. *Id.* § 404.1520c(a). Persuasiveness is based on several factors that the ALJ must consider, but the ALJ is only required to articulate "supportability" and "consistency" in her decision. *Id.* § 404.1520c(b)(2).

A plaintiff's RFC need not "mirror or match a medical opinion" to be supported by substantial evidence. *David W. G. v. O'Malley*, No. 4:23-CV-3462, 2024 WL 5284884, at *7 (S.D. Tex. Dec. 3, 2024), *report and recommendation adopted sub nom. Gates v. Dudek*, No. CV H-23-

---

[7] "Occasional" means "occurring from very little up to one-third of the time." SSR 83-10, 1983 WL 31251 (Jan. 1, 1983). "Frequent" means "occurring from one-third to two-thirds of the time." *Id.*

3462, 2025 WL 662050 (S.D. Tex. Feb. 28, 2025) (citing *Sherri L. v. Comm'r, Soc. Sec. Admin.*, No. 3:23-CV-1919-BK, 2024 WL 4343048, at *5 (N.D. Tex. Sept. 27, 2024)). In fact, courts in the Fifth Circuit have found an RFC supported by substantial evidence where an ALJ finds a medical opinion persuasive but does not fully adopt the opinion's findings. *See, e.g.*, *Moreno v. Comm'r of Soc. Sec. Admin.*, 698 F. Supp. 3d 935, 948–51 (W.D. Tex. 2023) (finding RFC supported by substantial evidence where ALJ found medical opinion persuasive but did not include opinion's gripping limitation in the RFC); *Suzan R. v. O'Malley*, No. EP-23-CV-00288-KC-RFC, 2024 WL 3169606, at *3–5 (W.D. Tex. June 20, 2024), *report and recommendation adopted sub nom. Rolin v. Comm'r of Soc. Sec.*, No. EP-23-CV-288-KC-RFC, 2024 WL 3404646 (W.D. Tex. July 10, 2024) (noting RFC supported by substantial evidence where ALJ found SAMC's medical opinion persuasive but did not mirror opinion's exact language). Nevertheless, there must be a "discernible 'logic bridge' between the evidence and the ALJ's persuasiveness finding." *Probst v. Kijakazi*, No. EP-22-CV-00286-RFC, 2023 WL 3237435, at *4 (W.D. Tex. May 3, 2023) (citing *Pearson v. Comm'r of Soc. Sec.*, No. 1:20-CV-166-HSO-RPM, 2021 WL 3708047, at *5 (S.D. Miss. Aug. 11, 2021), *report and recommendation adopted*, No. 120CV00166HSORPM, 2021 WL 3663073 (S.D. Miss. Aug. 18, 2021)).

In the instant case, the Court finds that the ALJ failed to articulate a "logic bridge" between the SAMC's medical opinion and the ALJ's persuasiveness finding. The ALJ conducted a brief, but proper, persuasiveness analysis of the relevant medical opinions she examined. Specifically, she articulated that the two State Agency medical opinions—including SAMC Dr. Ligon's opinion that Plaintiff was limited to "occasional handling"—were "generally persuasive" because they were "internally supported by evidence" and "generally consistent with the evidence of the record as a whole." Tr. at 38. Although the ALJ conducted a proper persuasiveness analysis for the

9

medical opinions, she failed to explain why she departed from SAMC Dr. Ligon's "occasional" handling limitation and instead adopted a "frequent" handling limitation in the RFC. *Id.* at 38, 35. The ALJ's failure to do so constituted legal error because the ALJ did not build a "discernible 'logic bridge' between the evidence and the ALJ's persuasiveness finding." *Probst*, 2023 WL 3237435, at *4. Because the ALJ did not build a "logic bridge," the ALJ's RFC was not supported by substantial evidence. *Cf. Cancel v. Comm'r of Soc. Sec.*, No. SA-22-CV-00039-ESC, 2023 WL 2733411, at *6 (W.D. Tex. Mar. 30, 2023) (finding RFC supported by substantial evidence because although the ALJ found the medical opinion persuasive and did not adopt all the opinion's findings, she "explained why she rejected the portion of [the doctor's] opinion regarding Plaintiff's social limitations," noting it "vague, unexplained, unsupported by evidence, and based solely on claimant's subjective self-report"). Accordingly, because the ALJ did not explain her decision to depart from a persuasive medical opinion's findings, the RFC is not supported by substantial evidence and the ALJ committed legal error.

Moreover, this legal error is not harmless. "Harmless error exists when it is inconceivable that a different administrative conclusion would have been reached even if the ALJ did not err." *Keel*, 986 F.3d at 556. As Plaintiff noted, had the ALJ adopted an "occasional" handling limitation as SAMC Dr. Ligon recommended, Plaintiff would have been precluded from all three jobs the Vocational Expert said he could perform. Pl.'s Br. at 14. In fact, the Vocational Expert testified that if the hypothetical would have been changed from "frequent gross manipulation" to

10

"occasional gross manipulation," the three jobs would be "eliminated."[8] *Id.*, Tr. at 74. For this reason, the Court finds that the ALJ's failure to explain her departure from a persuasive medical opinion's handling limitation is not harmless.

B) <u>The ALJ did not mischaracterize medical evidence.</u>

The Court next addresses Plaintiff's contention that the ALJ committed legal error because she mischaracterized medical evidence regarding Plaintiff's right-hand injury. Specifically, Plaintiff asserts that the ALJ erred when she described a December 13, 2021, medical examination (Tr. at 2207) as finding Plaintiff's right hand "otherwise normal" despite a "decreased range of motion in his right wrist." Pl.'s Br. at 11; Tr. at 36. Defendant contends that the ALJ did not mischaracterize the December 13, 2021 report. Def.'s Resp. Br. at 4. As articulated below, the Court agrees with Defendant and finds that the ALJ did not mischaracterize medical evidence but rather properly weighed the various findings in the medical report, as is within her authority.

Plaintiff points to *Oran R. B. v. Kijakazi*, No. 3:20-CV-3409-BN, 2022 WL 3974264 (N.D. Tex. Aug. 31, 2022) and *Rains v. Secretary of Health & Human Services* 731 F. Supp. 778 (E.D. Tex. 1989) for the proposition that the ALJ mischaracterized medical evidence. However, the Court finds the instant case distinguishable. In *Oran*, the court found that the ALJ's opinion misquoted a medical opinion's mental RFC by analyzing that opinion through grammatical canons of construction. *Oran*, 2022 WL 3974264, at *3–5. In *Rains*, the court held that the ALJ erred when he misstated the vocational expert's testimony regarding Plaintiff's ability to work certain

---

[8] "Handling" and "gross manipulation" may be used interchangeably. "Handling" refers to "seizing, holding, grasping, turning or otherwise working primarily with the whole hand or hands." SSR 85-15(2)(c), 1985 WL 56857 (Jan. 1, 1985). "Gross manipulation" refers to "seizing, holding, grasping, turning, or otherwise working with hand(s)." U.S. Bureau of Lab. Stat., Gross and Fine Manipulation, https://www.bls.gov/ors/factsheet/gross-and-fine-manipulation.htm#:~:text=Where%20possible%2C%20the%20ORS%20program,working%20with%20hand(s). (last visited Mar. 25, 2025).

jobs. *Rains*, 731 F. Supp. at 780. The instant case is distinguishable from *Oran* and *Rains* because the ALJ did not misquote medical evidence or testimony but rather properly weighed and interpreted various findings in the medical evidence.

The ALJ has the authority to weigh the medical evidence to determine Plaintiff's ability to work. *See Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001) ("[T]he task of weighing the evidence is the province of the ALJ."); *Adams v. Colvin*, 202 F. Supp. 3d 644, 649 (W.D. Tex. 2016) ("The relative weight given to the evidence, however, is within the ALJ's discretion."). Plaintiff asserts that the ALJ mischaracterized the evidence when she stated that a December 13, 2021, medical examination found Plaintiff's right hand "otherwise normal" despite a "decreased range of motion in his right wrist." Pl.'s Br. at 11; Tr. at 36. However, the Court finds that the ALJ did not mischaracterize the medical evidence but rather weighed the different findings in the report to conclude that Plaintiff's right hand was recovering normally. Although the doctor noted decreased range of motion in the right hand, she also found that Plaintiff's right hand had full wrist flexion and presented no swelling. Tr. at 2205–06. Furthermore, the doctor assessed Plaintiff's overall right-hand condition as "[i]mproved." *Id.* at 2206. Accordingly, the Court finds that the ALJ did not mischaracterize medical evidence but properly weighed the findings in the medical report, as she is permitted to do. For this reason, the ALJ has not committed legal error insofar as her characterization of the medical evidence.

C) The ALJ was not required to include a "feeling" limitation in the RFC.

The Court next addresses Plaintiff's argument that the ALJ erred because she did not include any "feeling" limitations in the RFC. Specifically, Plaintiff asserts that the ALJ failed to include a "feeling" limitation despite Plaintiff's testimony that he has trouble feeling objects, such as coins. Pl.'s Br. at 12, Tr. at 59. Defendant does not appear to respond to Plaintiff's

argument specifically but noted that SAMC Dr. Ligon found that Plaintiff's feeling limitation was unlimited. Def.'s Br. at 4. As articulated below, the Court finds that the ALJ did not err when she excluded a "feeling" limitation in Plaintiff's RFC.

At the outset, the Court notes that an ALJ is "not required to incorporate limitations in the RFC that she did not find to be supported in the record." *Euresti v. Colvin*, No. A-15-CV-00044-AWA, 2016 WL 3920481 (W.D. Tex. July 15, 2016) (citing *Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988)). Specifically, courts in the Fifth Circuit have found that an ALJ can omit limitations in a plaintiff's RFC when the SAMC medical opinions support that omission. *See Lori Ann T. v. Saul*, No. 2:19-CV-132-BR, 2020 WL 13430181, at *5–6 (N.D. Tex. Sept. 21, 2020) (rejecting Plaintiff's contention that the ALJ erred in excluding handling, fingering, or feeling limitations because the SAMC opinions found that Plaintiff had no manipulative limitations); *Semrau v. Colvin*, No. 3:14-CV-3743-P, 2015 WL 10078618, at *4 (N.D. Tex. Dec. 28, 2015), *report and recommendation adopted*, No. 3:14-CV-3743-P-BN, 2016 WL 560501 (N.D. Tex. Feb. 12, 2016) (finding that Plaintiff's RFC excluding handling or fingering limitations was supported by substantial evidence because the SAMC medical opinions did not include any handling or fingering limitations).

Similarly, the Court finds that in the instant case, the ALJ was not required to include a "feeling" limitation because none of the SAMC medical opinions found Plaintiff to have a "feeling" limitation. The November 4, 2020, SAMC medical opinion notes that Plaintiff has no manipulative limitations (Tr. at 120, 142) and the February 12, 2021, SAMC medical opinion finds that Plaintiff's "feeling" limitation is "unlimited."[9] *Id.* at 169, 194. These SAMC opinions are especially critical because the ALJs *must* consider and evaluate them. *See* SSR 96-6P, 1996

---

[9] "Manipulative limitations" include limitations to feeling, handling, reaching, and fingering. *See* SSR 85-15(2)(c), 1985 WL 56857 (Jan. 1, 1985).

WL 374180, at *4 (The administrative law judge "must consider and evaluate any assessment of the individual's RFC by a State agency medical or psychological consultant."). Accordingly, because the ALJ was required to evaluate the SAMC medical opinions and these opinions found no "feeling" limitations, the Court finds that the ALJ was not required to include this limitation in the RFC. Thus, the ALJ has not committed legal error.

In sum, considering Plaintiff's three sub-arguments, the Court finds that the ALJ's failure to explain her reasoning for departing from a persuasive medical opinion's handling limitation constitutes legal error and was not harmless. The Court rejects Plaintiff's assertions that the ALJ mischaracterized medical evidence and improperly excluded a "feeling" limitation in the RFC.

2. **The ALJ's RFC is not supported by substantial evidence because the ALJ improperly relied on her lay opinion to develop an RFC with no medical evidence about Plaintiff's right-hand limitations.**

The Court next addresses Plaintiff's contention that the ALJ's decision is not supported by substantial evidence because the ALJ substituted her lay opinion for that of a physician. Specifically, Plaintiff asserts that the ALJ substituted her lay opinion when she determined Plaintiff's right-hand limitations in the RFC despite there being no medical opinion about Plaintiff's right-hand limitations in the record. Pl.'s Br. at 17. Because no medical opinions on the limitation existed, Plaintiff argues that the ALJ was required to develop the record and obtain a consultative examination about Plaintiff's functional limitations regarding his hands. *Id.* Defendant counters that the ALJ properly developed the record and was not required to obtain a consultative examination. Def.'s Resp. Br. at 4–6. For the reasons set forth below, the Court agrees with Plaintiff. Specifically, the Court finds that because no medical evidence discusses the effects of Plaintiff's condition on his capacity to work, the ALJ improperly relied on her lay opinion and the RFC is not supported by substantial evidence. Accordingly, the Court

14

recommends that the ALJ consider ordering a consultative examination regarding Plaintiff's right-hand limitations.

When making an RFC determination, the ALJ considers the "totality of the evidence in the record," including "medical opinions, … medical history, medical signs and laboratory findings, statements about the impact of symptoms, daily activities, medication, and other treatment." *Garner v. Kijakazi*, No. 1:22-CV-0563-DH, 2023 WL 1976713, at *5 (W.D. Tex. Feb. 13, 2023) (citing 20 C.F.R. § 404.1529(a)-(d)).  An RFC "need not match a medical opinion so long as substantial evidence supports it" (*id.*) and "[e]ven the absence of medical opinions does not necessarily render a record inadequate to support an ALJ's RFC determination." *Nic R. v. Kijakazi*, No. 3:22-CV-00106-K-BT, 2023 WL 2529930, at *5 (N.D. Tex. Feb. 21, 2023), *report and recommendation adopted*, No. 3:22-CV-00106-K-BT, 2023 WL 2531492 (N.D. Tex. Mar. 15, 2023) (citing *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995)).  What substantial evidence does require is "evidence of the effects the claimant's medical conditions have on her ability to work." *Donna A. v. Comm'r of Soc. Sec.*, No. 5:22-CV-111-H-BQ, 2023 WL 5004867, at *4 (N.D. Tex. July 17, 2023), *report and recommendation adopted sub nom. Donna A. v. Kijakazi*, No. 5:22-CV-111-H-BQ, 2023 WL 5004073 (N.D. Tex. Aug. 4, 2023) (citing *Moreno v. Astrue*, No. 5:09–CV–123–BG, 2010 WL 3025525, at *3 (N.D. Tex. June 30, 2010)).  Where "medical sources cannot or will not give [an ALJ] sufficient medical evidence about [a claimant's] impairment," the ALJ may request a consultative examination.  20 C.F.R. § 404.1517.

In the instant case, the Court finds that the RFC is not supported by substantial evidence because none of the evidence in the record discusses the effects Plaintiff's right-hand condition has on his ability to work.  Critically, as Plaintiff contends, there is no medical opinion in the record that discusses Plaintiff's right-hand limitation because the most recent medical opinion

15

*predated* Plaintiff's right-hand injury by eight months. *See* Pl.'s Br. at 17. The only medical evidence that discusses Plaintiff's right-hand injury is a December 13, 2021 medical report following Plaintiff's right-hand surgery. Tr. at 2204–07. However, that medical report does not discuss the "effects the claimant's medical conditions have on [his] ability to work." Because no medical opinion discusses Plaintiff's right-hand limitations and no medical evidence discusses the effects of Plaintiff's condition on his capacity to work, the ALJ's RFC is not supported by substantial evidence. *See Griffin v. O'Malley*, No. SA-23-CV-01090-FB, 2025 WL 440284, at *7–9 (W.D. Tex. Jan. 17, 2025), *report and recommendation adopted sub nom. Griffin v. Colvin*, No. CV SA-23-CA-1090-FB, 2025 WL 440281 (W.D. Tex. Feb. 7, 2025) (finding RFC unsupported by substantial evidence where there was no medical opinion in the record and the medical evidence discussing Plaintiff's back and hip condition did not describe its impact on Plaintiff's ability to work). Because the ALJ's RFC is not supported by substantial evidence, the ALJ improperly relied on her lay opinion in formulating Plaintiff's RFC regarding his right-hand limitations. The ALJ thus committed legal error.

Moreover, this error was not harmless. "Harmless error exists when it is inconceivable that a different administrative conclusion would have been reached even if the ALJ did not err." *Keel*, 986 F.3d at 556. Had the ALJ properly developed the record regarding Plaintiff's right-hand limitations, the ALJ could have adopted an "occasional" handling limitation, which would have precluded Plaintiff from the three jobs that the VE articulated Plaintiff could perform. Pl.'s Br. at 18–19; Tr. at 74. Because the current medical sources in the record cannot "give [the ALJ] sufficient medical evidence about [Plaintiff's] impairment," the ALJ should consider ordering a consultative examination regarding Plaintiff's right-hand limitations. 20 C.F.R. § 404.1517; *see, e.g.*, *Griffin v. Colvin*, No. CV SA-23-CA-1090-FB, 2025 WL 440281, at *1 (W.D. Tex. Feb. 7,

2025) (finding that the ALJ "should consider ordering a consultative examination or medical source statement to address how Plaintiff's physical limitations affect his ability to perform his past relevant work").

### 3. The ALJ properly relied on the vocational expert's testimony in her step-five findings.

Finally, the Court briefly addresses Plaintiff's contention that the ALJ's findings are not supported by substantial evidence because the ALJ failed to resolve conflicts between the VE's testimony and Plaintiff's testimony at step five. Pl.'s Br. at 19-21. Specifically, Plaintiff appears to assert that the ALJ's step-five findings are not supported by substantial evidence because the ALJ did not address conflicts between the three jobs the VE stated Plaintiff could perform and Plaintiff's testimony regarding his physical challenges completing household chores. *Id.* at 20. Defendant responds that the ALJ properly relied on the VE's expertise at step five. Def.'s Resp. Br. at 6-7. As articulated below, the Court agrees with Defendant.

Plaintiff cites no case law or statute supporting his proposition that the ALJ commits legal error when he fails to reconcile conflicts between the VE's testimony and Plaintiff's testimony at step five, and the Court has not found any Fifth Circuit precedent to support his assertion.[10] Nevertheless, even assuming such conflict existed in the instant case, "[c]onflicts of evidence are for the Commissioner, not the courts, to resolve" (*Sun*, 793 F.3d at 508) and "the ALJ may rely upon the vocational expert's testimony provided that the record reflects an adequate basis for doing so." *Carey v. Apfel*, 230 F.3d 131 (5th Cir. 2000). Considering the medical opinions on record and the VE's careful testimony of the Plaintiff's ability to perform work under varying conditions,

---

[10] The closest plausible step-five contention that Plaintiff could maintain is that the ALJ failed to resolve a conflict between the *vocational expert's testimony* and the *Dictionary of Occupational Titles*, but this is not the argument that Plaintiff appears to be asserting. *See, e.g.*, *Patrick v. Kijakazi*, No. SA22CV716XRHJB, 2023 WL 6307748 (W.D. Tex. Aug. 18, 2023), *report and recommendation adopted*, No. SA-22-CV-00716-XR, 2023 WL 6159819 (W.D. Tex. Sept. 21, 2023).

the Court finds that the record adequately reflects a basis for the ALJ to rely on the VE's testimony. Accordingly, the Court finds that the ALJ has committed no legal error.

In sum, the Court finds that the ALJ committed two legal errors. Specifically, the Court holds that the ALJ erred when she failed to explain why she departed from a persuasive medical opinion on Plaintiff's handling limitations and when she relied on her own lay testimony to formulate Plaintiff's RFC despite no medical evidence in the record discussing the effects of Plaintiff's right-hand injury on his ability to work.

### III.  CONCLUSION

For the following reasons, the Court **ORDERS** that the decision of the Commissioner be **VACATED** pursuant to 42 U.S.C. § 405(g) and **REMANDED** for further proceedings consistent with this opinion.

**SIGNED** and **ENTERED** this 25th day of March 2025.

_____
**MIGUEL A. TORRES**
**UNITED STATES MAGISTRATE JUDGE**